UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 23-551 JGB (PVCx) | Date | August 1, 2023 |
| Title | *Lala Maha Visconti v. Internal Revenue Service et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause (IN CHAMBERS)

On March 29, 2023, Plaintiff Lala Maha Visconti filed her *pro se* complaint against Defendants Internal Revenue Service and the United States of America. ("Complaint," Dkt. No. 1.) The same day, a 60-day summons was issued. (Dkt. No. 3.) On July 21, 2023, George Edward Murphy filed a notice of appearance on behalf of Plaintiff. (Dkt. No. 17.)

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. P. 12(a)(1). In the present case, it appears that one or more of these time periods has not been met.

Additionally, Rule 41(b) of the Federal Rules of Civil Procedure grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, it appears that Plaintiff may have failed to prosecute this case with reasonable diligence because the case has been largely dormant for four months.

Moreover, the Court's review of the Complaint indicates that Plaintiff likely fails to state a claim against Defendants. (See Complaint.) While Plaintiff generally alleges that a former

lawyer defrauded her by failing to secure an adequate settlement in a prior action, she never alleges or explains how she has a cause of action against the only named Defendants, the Internal Revenue Service and United States of America.  (See id.)  Even if the Court accepts the allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor, it is unclear how Defendants would have been responsible for any injury she sustained.  "A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6)."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  "Such a dismissal may be made without notice where the claimant cannot possibly win relief."  Id.

      Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing on or before **August 10, 2023** why this action should not be dismissed for lack of prosecution, failure to effectuate service on Defendants and failure to state a claim.  The Court finds that this matter is appropriate for submission without oral argument and the Order to Show Cause ("OSC") will stand submitted upon the filing of a responsive pleading or motion on or before the date upon which a response by Plaintiffs is due.  See Fed. R. Civ. P. 78.  Failure to timely or adequately respond to this OSC may, without further warning, result in the dismissal of the entire action without prejudice.

**IT IS SO ORDERED.**